## DANIEL WILLIAMSON *v.* SAMUEL PROBASCO.

H. gave a mortgage to W., and subsequently gave a mortgage on the same lands to P. which was assigned to E. E. filed a foreclosure bill, on his mortgage, stating the mortgage to W. and the priority of it, and prayed process against H. and W. W. did not appear to the suit; he lived in New York, and an order of publication was made as to him. A decree *pro confesso* was taken against W.; and, at a subsequent term, on the report of a Master ascertaining the amount due on E.'s mortgage, a final decree was taken for a sale of the premises to pay E.'s mortgage, with the usual clause that the defendants be debarred from all equity of redemption. The premises were sold under the decree, and bought by P., who had notice of the existence of W.'s mortgage. W. afterwards filed a bill against P. for the foreclosure of his mortgage.

*Held,* that W.'s mortgage was not affected by the proceedings on E.'s bill.

On the 6th of September, 1847, a bill was filed by Charles G. Everitt, against John H. Hoagland and wife and Daniel Williamson, for the foreclosure of a mortgage, dated June 13, 1846, given by John H. Hoagland and his wife to Samuel Probasco, for $2000, payable in one year, with interest semi-annually, on five tracts of land, and assigned by Probasco to the complainant in July, 1847; of which assignment the bill says that Hoagland had immediate notice.

The bill states, that Hoagland and wife, on the 13th of March, 1846, gave a mortgage to the defendant Samuel Williamson, on the whole or some part of the lands so mortgaged to Probasco, to secure the payment of $3000, which mortgage to Williamson was recorded on the 11th of May, 1846; but that how much or whether any thing is owing to said Williamson on his said mortgage is unknown to the complainant; and prays that Williamson may exhibit and prove his said mortgage, and that whatever may be found due to him thereon may be paid out of the proceeds of the sale of the said mortgaged premises prior to the payment of complainant's mortgage. Process is prayed against Hoagland and wife and Williamson.

It being made to appear that Williamson resided in New York, an order for publication as to him was made.

In December, 1847, a decree *pro confesso* was taken on that bill against Williamson.

In June, 1848, on the report of a Master, a final decree was taken in that cause, stating, that there was due to Everitt on his mortgage $2,183 ; directing the sale of so much of the mortgaged premises as would be sufficient to pay Everitt's mortgage and costs, and that execution do issue, &c. ; with the usual clause that the defendants stand debarred and foreclosed from all equity of redemption of, in and to so much of the said mortgaged premises as should be sold by virtue of said decree. A *fi. fa.* was issued accordingly, by virtue whereof the Sheriff, on the 30th of October, 1848, struck off and sold the whole of the said mortgaged premises to Probasco, for $2000 ; and the Sheriff delivered to Probasco a deed thereof, dated November 6, 1848.

On the 14th of December, 1848, the bill in this suit was filed, by Daniel Williamson, against Samuel Probasco, for the foreclosure of the said mortgage given by Hoagland and wife to Williamson.

This bill, after setting out the mortgage of the complainant, Williamson, states, that one Charles G. Everitt became assignee of a certain mortgage for $2000, given by Hoagland and wife to Samuel Probasco, subsequent to this complainant's said mortgage, and with full knowledge thereof.

It then states the proceedings, above stated, in the suit of Everitt against Hoagland and wife and this complainant, Williamson, on the said mortgage assigned to Everitt, and the sale of the premises to Probasco, and the Sheriff's deed to him therefor ; and states, that this complainant is informed and believes, that the said Sheriff's deed purports to convey all the estate, right, title and interest, not only of the said Hoagland and wife, but also of this complainant in regard to his said mortgage, without respect to the priority of his mortgage over that of said Everitt ; whereas, he submits that the said Sheriff's deed should have been specially drawn, and the decree also, if it has not been so drawn, so as to preserve this complainant's rights in his said mortgage ; and that the said decree, sale and deed should have left his mortgage in full force and effect, and in no way

prejudiced by the said decree, execution and sale. This bill charges, that Probasco, before and at the said sale, well knew that this complainant's mortgage was in full force ; and that this complainant's mortgage was admitted to be first in the said bill of said Everitt.   That this complainant not wanting the money due on his said mortgage, did not put the same before the Master for allowance in the said decree ; meaning to let the same remain a permanent lien on the said mortgaged premises ; and that the purchaser of the premises might hold the same subject to the said mortgage, on paying and continuing to pay the interest thereon.

This bill prays that Probasco may be decreed to pay this complainant the amount due on his said mortgage ; and, in default of payment, prays foreclosure and sale.

An answer was put in, and testimony taken.

*P. D. Vroom* for complainant.

*W. Halsted* for defendant.    He cited *Story's Eq. Pl.*, section 790, 791, 636, 638, 412, 420, 422, and page 743, note ; 4 *Barb. Rep.* 265 ; 1 *Halst. Ch.* 354.

THE CHANCELLOR.   The bill of Everitt against Hoagland and wife and Williamson states and admits the mortgage to Williamson, and its priority.   A decree *pro confesso* against Williamson on that bill, therefore, did not affect Williamson's mortgage.   The facts stated in the bill, and taken as confessed, showed the priority of Williamson's mortgage.   Williamson, by confessing the bill, simply assented that the complainant might proceed on the basis that Williamson's mortgage was a lien on the premises prior to the mortgage held by Everitt.   And Williamson's not answering or producing his mortgage before the Master apprized the complainant in that suit that he, Williamson, assented only that the complainant might proceed with his suit against Hoagland and wife on the basis that his, Williamson's, mortgage was a prior existing lien on the premises.   The

proceedings subsequent to the decree *pro confesso* against Williamson were, in reality, only proceedings against Hoagland and wife; and could not affect Williamson's interest, any more than if he had not been made a defendant in the bill.

I do not see that even if a stranger, having no knowledge of Williamson's mortgage, had purchased at the Sheriff's sale under the decree and execution in this case, Williamson's rights would have been at all affected. He was in no fault. A mistake, or not well considered form of decree and execution in a suit which admitted his priority, after he had declined putting in his prior mortgage, and assented that the complainant should proceed leaving his mortgage standing as a prior incumbrance, cannot defeat his mortgage.

If a stranger had bought under the decree and execution in this case, in the form in which they were drawn, supposing he was buying the property free from incumbrance, he would no doubt be relieved from his purchase; but Williamson's rights could not be affected by any mistaken form of final decree and execution, in a suit in which he declined being a party by declining, as he had a right to do, to proceed on his prior mortgage.

But in this case, Probasco, the purchaser at the Sheriff's sale, knew of the prior mortgage of Williamson, and bought subject to it; of this there is no doubt.

Williamson's bill for the forecloseure of his mortgage alleges, that Probasco knew, at the time of the sale, that the Williamson mortgage was in full force and effect. Probasco denies that he knew it was in full force and effect. This is not a denial of knowledge of the existence of it. He speaks as to his knowledge of the existence of the Williamson mortgage in another part of his answer, and his language there is, that he denies that he had any knowledge or belief that Williamson had any mortgage *at the time he*, the defendant, let Hoagland have the $2000 intended to be secured by the mortgage to him.

The decree and execution should have been more carefully drawn. But I do not see that Williamson should be put to the costs and delay of setting aside that decree, or that his rights are at all affected by it.

Decree for complainant.